# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

Dr. Sanjay Arora,

    **Plaintiff**

_____/

Buckhead Family Dentistry, Inc

Dr. Travis Paige

Cigna Health and Life Insurance Company

Global Dental Solutions, LLC

Brad Abramson

    **Defendants**

_____/

Case: 1:16−cv−01806     (B-Deck)
Assigned To : Moss, Randolph D.
Assign. Date : 9/9/2016
Description: PI/Malpractice    Jury Demand

**Dr. Sanjay Arora**
**In pro per**
1829 California St. NW, Unit 202
Washington, DC 20009
(248) 730 1920
sanjayk.arora@yahoo.com

_____/

## PLAINTIFF D. SANJAY ARORA'S COMPLAINT

## AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Dr. SANJAY ARORA (**Arora**), In Pro Per for his complaint against Buckhead Family Dentistry Inc (**Buckhead**), Dr. Travis Paige (**Paige**), Cigna Health And Life Insurance Co. (**CIGNA**), Global Dental Solutions, LLC (**Global**), and Brad Abramson (**Abramson**), and states as follows:

1

**JURISDICTION**

1.  This court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship since Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

2.  This Court has supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367.

**VENUE**

3.  Venue is proper because Plaintiff resides in this Court's jurisdiction and is subject to personal jurisdiction in this District.

**THE PARTIES**

4.  Plaintiff. ARORA resides and works at 1829 California St. NW, Unit 202, in Washington DC.

5.  Defendants BUCKHEAD and PAIGE, collectively Dentists hereinafter, are located at 3379 Peachtree Rd #850. Atlanta, GA 30326.

6.  CIGNA is located at 601 Pennsylvania Avenue, NW, Suite 835, South Building, Washington, DC 20004.

7.  GLOBAL and ABRAMSON, collectively Suppliers hereinafter, are producers of dental restorations located at 8215 Roswell Road, Building 500, Atlanta, GA 30350.

**STANDINGS**

8.  Plaintiff has standing to bring this action because he has been directly affected by the unlawful conduct complained herein. His injuries are

proximately related to the conduct of Defendants and therefore Plaintiff is entitled to the damages from Defendants

## STATEMENT OF FACTS

9.  Buckhead is a dental practice in Atlanta, GA, with Paige, DDS, acting as CEO, CFO, and Secretary.

10. From about August 2010 to August 2014, Plaintiff was enrolled full-time as a PhD Student and Graduate Research Assistant at the Georgia Institute of Technology, in Atlanta, GA.

11. Plaintiff was a patient at Buckhead for two years, from about June 2012 to April 2014.

12. CIGNA was Arora's dental insurance carrier at the relevant times.

13. For the time period during which Arora was covered by CIGNA, Dentists were an in-network provider in CIGNA's DHMO Network

14. For the time during which Arora was insured by CIGNA, CIGNA acted as a fiduciary of Arora; Cigna was responsible to provide due care to Arora; was responsible for credentialing Dentists and was responsible for continuously monitoring the performance of Dentists to assure that Dentists meet the standards of patient care as set out by CIGNA..

15. In late 2013 Plaintiff was notified of a cracked tooth (#30 molar) and was recommended to install a crown on said tooth by Dentists.

16. Dentists performed two procedures, one to prepare the tooth for a temporary crown and to take measurements for a permanent crown on

3

or about January 21, 2014, and another to install the permanent crown on or about February 25, 2014.

17. Plaintiff experienced delays in installing the permanent crown due to the busy schedule of Dr. Paige.

18. Plaintiff paid Buckhead all the invoiced amounts through co-pays. CIGNA was responsible for covering a percentage of Buckhead fees for the crown and related work

19. During the removal of the temporary crown on February 25, 2014, Dr. Paige was not in the room and did not oversee his assistant, who proceeded to hastily remove the temporary crown. The assistant was unable to do so after several unsuccessful tries.

20. This caused Plaintiff discomfort.

21. Plaintiff vocalized his stern opposition to the assistant continuing with her haphazard approach.  The assistant was very rude and expressed her impatience, but eventually relented to seek Dr. Paige's help.

22. Thereafter, Dr. Paige oversaw the removal of the temporary crown, as well as the placement of the permanent crown.

23. Within days of having the permanent crown installed, Plaintiff experienced severe discomfort with both his tooth (#30) and the surrounding gum area closest to his tongue.

24. The said gum area appeared discolored with a dark ring.

4

25. At various times in March, 2014, Plaintiff called Buckhead repeatedly voicing his concern and relating the symptoms he experienced as follows:

   - Severe pain and discomfort in and around the tooth nerve and radiating through the gum line.

   - This feeling repeatedly appeared as an acute burning or itching sensation.

26. Plaintiff was never directed to Dr. Paige by Buckhead front office staff, nor did Dr. Paige ever call Plaintiff to seek additional information.

27. Rather, Plaintiff's interactions were initially limited to the front office staff. In repeated phone conversations, the office front staff noted this type of reaction was 'normal', and they continually told Plaintiff to wait it out, as everything was likely healing as expected.

28. Plaintiff proceeded to change dentists and began receiving cleanings and other basic treatment at a separate and unrelated practice, Collins Family Dentistry.

29. By April 2014, Dr. James Collins of Collins Family Dentistry became Plaintiff's primary dentist through the CIGNA DHMO network.

30. Dr. Collins acknowledged the irritation in Plaintiff's gum near tooth #30.

31. During this time of transition from one office to another, Plaintiff had contacted CIGNA several times via telephone.

32. On one of these calls, a CIGNA representative noted that Plaintiff's insurance policy restricted crown placements on a given tooth to once

5

every several years and that he may wish to follow-up with Dr. Paige to resolve any issues for no additional fee.

33. On April 28, 2014, Plaintiff went back to visit Dr. Paige, who dismissed the gum irritation as a "bite issue" which could be resolved by filing the crown on tooth #30, as well as the tooth above, to improve the bite.

34. Unfortunately, said visit did little to help Plaintiff's acute discomfort.

35. Plaintiff sought consultation with a periodontist, Dr. Scott Bartruff, who confirmed the gum irritation. This consultation was held on May 13, 2014.

36. Dr. Bartruff asked Plaintiff about the composition of said crown installed by Dentists, indicating that a low quality porcelain-fused to metal crown could be composed of known irritants such as Nickel.

37. Plaintiff indicated to Dr. Bartruff on May 13, 2014, that the crown on tooth #30 was supposed to be of high-noble metal quality, which according to follow-up verification on CIGNA's website, contained over 60% gold, platinum and/or palladium.

38. Plaintiff also confirmed the crown's composition over the phone with Dentists' front office staff.

39. Dr. Bartruff referred Plaintiff to an endodontist, Dr. Melanie Burns. Plaintiff met Dr. Burns in a consultation on May 27, 2014. Dr. Burns acknowledged the discoloration and inflammation on Plaintiff's gum line near tooth #30 Dr. Burn's tests showed that tooth #30 was vital and not in need of endodontic treatment.

40. Plaintiff initiated an appeal with CIGNA to demand a full refund so that he could replace the crown and alleviate his severe chronic pain.

41. In formal letter correspondence dated July 10, 2014, in response to Plaintiff's appeal, CIGNA states they "investigate and take appropriate action on all quality of care concerns."

42. In particular, CIGNA documents that Plaintiff received a high noble metal crown on tooth #30. CIGNA denied Plaintiff's claim, finding that he "would remain responsible for the applicable patient copays on the covered services rendered…"

43. CIGNA also found that Dentists overcharged Plaintiff.  According to a later follow-up call placed by Plaintiff to CIGNA, Dentists should not have charged a lab fee, as any lab fee was to be covered or not needed under the insurance policy.  In addition, Bulkhead failed to report the gingivectomy operation to CIGNA.

44. In said letter, CIGNA did acknowledge the history of Plaintiff's pain and allowed Plaintiff to get a new crown under the policy, though any out-of-pocket costs would need to be covered in full by Plaintiff.

45. On August 5, 2014, Plaintiff filed a HIPAA request to demand copies of all billing and medical related information, including the composition of the crown placed on tooth #30, from Dentists.  As deemed appropriate by Federal law, Plaintiff provided Buckhead 30 days to comply with this request.

46. In August, 2014, Plaintiff became a patient of Dr. Michael C. Goldman. On September 2, 2014, Dr. Goldman removed the crown installed by Dr. Paige on tooth #30, and replaced it with a non-metal crown.

47. As of September, 2014, Plaintiff was no longer with CIGNA, and began a new insurance policy under his new employer's plan in October, 2014.

48. Also Dentists did not comply with Plaintiff's HIPAA request within permitted time as stipulated by HIPPA.

49. Later pursuant to further phone calls from Plaintiff to Dentists, Detests, replied via email with the documentation satisfying Plaintiff's HIPAA request. The lab report documenting the crown's materials on tooth #30, as invoiced by Defendants Suppliers, showed the quality as "PFM Non Precious". The crown's metal interior was made of Nickel (61.2%), Chromium (25.8%), Molybdenum (11%), Silicon (1.5%), and a series of other metals at small (<1%) quantities.

50. Suppliers produced a non-noble (nonprecious metal) dental crown for Arora's tooth #30.

51. CIGNA, in a letter dated July 10, 2014, acknowledged its "continuing effort to provide quality of care and service". CIGNA knew or should have known Dentists' fraud since CIGNA audited the quality of care provided by Paige, as documented in a letter dated July 10, 2014.

52. CIGNA failed to perform due diligence on the true nature of Arora's treatment and was negligent as to a complete, impartial and honest assessment of Arora's concerns, and CIGNA willfully withheld key

8

information from Arora with respect to the quality of care offered by Dentists so that he could not make the choices that were in his best interest.

53. CIGNA neglected and failed to provide due care to Arora.

54. In a letter dated June 13, 2016, Paige indicated Dentists were not aware of the low-grade crown installed on tooth #30 and that Dentists expect to receive "nothing less" than what is requested from Suppliers

55. On its website, Suppliers state, "All crown, bridge, and removable dental restorations will be constructed using the appropriate materials and the best practices of any well run dental laboratory and will conform to the written specifications provided with each work order"

56. Suppliers failed to manufacture and deliver a high noble metal crown, per Dentists explicit request, and as reflected in Arora's billing invoice from Dentists.

57. Dentists and  CIGNA neglected and  failed to perform necessary and sufficient due diligence to verify the composition of the crown, even after multiple inquiries by Arora as to its composition and quality, as made evident by the letters from CIGNA and Dentists to Arora, dated July 10, 2014, and June 13, 2016, respectively.

58. Thus Dentists, CIGA and Suppliers knew or should have known that an inferior crown was installed in Arora and Arora was charged for a higher quality, more expensive crown.

9

59. As a result of long-lasting, severe chronic pain and discomfort from about January 2014, the time at which the initial crown was installed by Dentists, and September 2014, the time at which this crown was removed, Plaintiff was forced to reduce his hours of work, thereby delaying his progress toward his PhD.

## CAUSES OF ACTION

### COUNT I

### Fraud

### Against Defendants Buckhead and Paige

60. Plaintiff Arora realleges preceding paragraphs and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

61. Dentists Buckhead and Paige (Dentists) knowingly made false statements and omissions concerning material facts as to services provided to Arora including as to  the crown installed in Arora

62. Dentists intended that the false statements and omissions would induce Plaintiff to rely on them.

63. Plaintiff relied on Dentists' false statements and omissions to their injury.

64. Dentists' conduct was intentional, willful, wanton, and malicious. Dentists' had actual knowledge of the wrongfulness of the conduct and

10

the high probability that injury to Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury.

65. Dentists' conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of Plaintiff Arora.

66. WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants Buckhead and Paige for pain and suffering damages, damages for mental anguish, damages due to delayed earnings, pecuniary, actual, compensatory damages (including general and special damages), punitive damages and reimbursement for negative tax consequences resulting from a jury verdict in a sum to be determined by a jury, for costs herein incurred, for attorneys' fees, and for such other and further relief as this Court deems equitable, just and proper.


## COUNT II

### Negligent Misrepresentation

### Against Dentists Buckhead and Paige

67. Plaintiff Arora realleges preceding paragraphs and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

68. Dentists Buckhead and Paige (Dentists) made misrepresentations and omissions concerning material facts.

69. At the time of the misrepresentations and omissions, Dentists either knew them to be false, made them without knowledge of the truth or falsity, or should have known them to be false.

70. Dentists intended that the misrepresentations and omissions would induce Plaintiff to rely on them.

71. Plaintiff justifiably relied on Dentists misrepresentations and omissions to his injury.

72. Dentists conduct was intentional, willful, wanton, and malicious. Dentists had actual knowledge of the wrongfulness of the conduct and the high probability that injury to Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury.

73. Dentists' conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of Plaintiff.

74. WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants Buckhead and Paige for pain and suffering damages, damages for mental anguish, damages due to delayed earnings, pecuniary, actual, compensatory damages (including general and special damages), punitive damages and reimbursement for negative tax consequences resulting from a jury verdict in a sum to be determined by a jury, for costs herein incurred, for attorneys' fees, and for such other and further relief as this Court deems equitable, just and proper.

## COUNT III

### Unjust Enrichment

### Against Dentists Buckhead and Paige

75. Plaintiff Arora realleges preceding paragraphs and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

76. Plaintiff conferred monetary benefits on Buckhead and Page (Dentists), who had knowledge thereof.

77. Dentists voluntarily accepted and retained the benefits conferred in exchange for health care services provided by Dentists to Plaintiff.

78. The circumstances are such that it would be inequitable for the Dentists to retain the benefits without providing the value thereof to Plaintiff. Plaintiff alleges he did not receive the stated services in response for the payments and benefits conferred onto Dentists.

79. Dentists' conduct was intentional, willful, wanton, and malicious. Dentists had actual knowledge of the wrongfulness of the conduct and the high probability that injury to the Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury.

80. Dentists' conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of the Plaintiff.

81. WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants Buckhead and Paige for pain and

suffering damages, damages for mental anguish, damages due to delayed earnings, pecuniary, actual, compensatory damages (including general and special damages), punitive damages and reimbursement for negative tax consequences resulting from a jury verdict in a sum to be determined by a jury, for costs herein incurred, for attorneys' fees, and for such other and further relief as this Court deems equitable, just and proper.

**COUNT IV**

**Breach of Fiduciary Duty**

**Against Dentists Buckhead and Paige**

82. Plaintiff Arora realleges preceding paragraphs and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

83. Buckhead and Paige (Dentists), as health care providers, had a fiduciary duty to Plaintiff, Dentists' patient, to act in the interest of the Plaintiff's well-being.

84. Dentists breached their fiduciary duty to Plaintiff.

85. Plaintiff has been proximately damaged by Dentists' breach.

86. Dentists' conduct was intentional, willful, wanton, and malicious. Dentists' had actual knowledge of the wrongfulness of the conduct and the high probability that injury to the Plaintiff would result and, despite

that knowledge, intentionally pursued that course of conduct, resulting in injury.

87. Dentists' conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of the Plaintiff.

88. WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants Buckhead and Paige for pain and suffering damages, damages for mental anguish, damages due to delayed earnings, pecuniary, actual, compensatory damages (including general and special damages), punitive damages and reimbursement for negative tax consequences resulting from a jury verdict in a sum to be determined by a jury, for costs herein incurred, for attorneys' fees, and for such other and further relief as this Court deems equitable, just and proper.

### COUNT V

### Negligence

### Against Dentists Buckhead and Paige

89. Plaintiff Arora realleges preceding paragraphs and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

90. Buckhead and Paige (Dentists) owed a duty to Plaintiff to provide due care for the complete duration of the provider-patient relationship.

15

91. Dentists owed a duty to Plaintiff to use and exercise reasonable and due care in evaluating, diagnosing, communicating with, and providing services to Plaintiff.

92. Dentists owed a duty to the Plaintiff to provide a quality of care consistent with professional standards and requirements that any competent dentist, under the same circumstances, would have provided.

93. Dentists owed a duty of care to the Plaintiff because Plaintiff was a foreseeable and probable victim of any and all inadequate services proffered. Dentists collected and received key health and personal information but did not deliver honest and accurate evaluations and diagnoses of Plaintiff's concerns and experiences. Dentists knew they inadequately processed this information and deliberately failed to warn Plaintiff of known risks.  Furthermore, Dentists proceeded to improperly treat the Plaintiff.  Dentists knew that such negligence would inflict considerable injury upon the Plaintiff, and yet Dentists were charged with a duty to ensure due care.

94. Dentists maintained a special relationship with the Plaintiff. The Plaintiff entrusted Dentists with his health on the assumption that Dentists would provide due care, and Dentists were in a position to protect against the harm suffered by the Plaintiff as a result of this special relationship.

95. In light of their special relationship with the Plaintiff, Dentists knew, or should have known, of the risks inherent in providing treatment to

16

Plaintiff and the importance of coordinating and communicating effectively with Suppliers to ensure correctness of materials and products used in the service of Plaintiff.

96. Dentists breached the duties they owed to the Plaintiff by failing to exercise reasonable care and to provide ethical treatment to protect the physical, mental, and emotional health of the Plaintiff.

97. Dentists breached the duties they owed to the Plaintiff by failing to properly perform sufficient due diligence that could have significantly reduced the length of the Plaintiff's anguish.

98. Dentists breached the duties they owed to the Plaintiff by failing to properly maintain the Plaintiff's health, whose decline was solely the result of Dentists' wanton neglect. Given Dentists' willful disregard to Plaintiff's just concerns, Dentists' breach of their duties was entirely unreasonable.

99. As a direct and proximate result of Dentists' negligent conduct, the Plaintiff has suffered injury and is entitled to damages in an amount to be proven at trial.

100.    Dentists' conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the safety and rights of the Plaintiff.

101.    WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants Buckhead and Paige for pain and suffering damages, damages for mental anguish, damages due to

delayed earnings, pecuniary, actual, compensatory damages (including general and special damages), punitive damages and reimbursement for negative tax consequences resulting from a jury verdict in a sum to be determined by a jury, for costs herein incurred, for attorneys' fees, and for such other and further relief as this Court deems equitable, just and proper

## COUNT VI

## Breach of Fiduciary Duty

## Against CIGNA

102.    Plaintiff Arora realleges preceding paragraphs and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

103.    CIGNA, as a dental health care insurer, had a fiduciary duty to Plaintiff, the insured, to provide due care and to act in the interest of the Plaintiff's well-being.

104.    CIGNA breached its fiduciary duty to Plaintiff.

105.    Plaintiff has been proximately damaged by CIGNA's breach.

106.    CIGNA's conduct was intentional, willful, wanton, and malicious. CIGNA had actual knowledge of the wrongfulness of the conduct and the high probability that injury to the Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury.

107.    CIGNA's conduct was so reckless or wanting in care that it
constituted a conscious disregard or indifference to the rights of the
Plaintiff.

108.    WHEREFORE, Plaintiff respectfully request that this Court enter
judgment against Defendant CIGNA for pain and suffering damages,
damages for mental anguish, damages due to delayed earnings,
pecuniary, actual, compensatory damages (including general and
special damages), punitive damages and reimbursement for negative
tax consequences resulting from a jury verdict in a sum to be
determined by a jury, for costs herein incurred, for attorneys' fees, and
for such other and further relief as this Court deems equitable, just and
proper.


## COUNT VII

### Negligent Misrepresentation

### Against CIGNA

109.    Plaintiff Arora realleges preceding paragraphs and incorporates
herein by reference each and every foregoing paragraph of this
Complaint as if set forth in full.

110.    CIGNA made misrepresentations and omissions concerning
material facts.

111.    At the time of the misrepresentations and omissions, CIGNA either knew them to be false, made them without knowledge of the truth or falsity, or should have known them to be false.

112.    CIGNA intended that the misrepresentations and omissions would induce Plaintiff to rely on them.

113.    Plaintiff justifiably relied on CIGNA's misrepresentations and omissions to his injury.

114.    CIGNA's conduct was intentional, willful, wanton, and malicious. CIGNA had actual knowledge of the wrongfulness of the conduct and the high probability that injury to Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury.

115.    CIGNA's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of Plaintiff.

116.    WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendant CIGNA for pain and suffering damages, damages for mental anguish, damages due to delayed earnings, pecuniary, actual, compensatory damages (including general and special damages), punitive damages and reimbursement for negative tax consequences resulting from a jury verdict in a sum to be determined by a jury, for costs herein incurred, for attorneys' fees, and

20

for such other and further relief as this Court deems equitable, just and proper

## COUNT VIII

### Fraud

### Against Global and Abraham

117.   Plaintiff Arora realleges preceding paragraphs and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

118.   Global and Abraham knowingly made false statements and omissions concerning material facts until the release of Arora's medical records.

119.   Global and Abraham intended that the false statements and omissions would induce Plaintiff to rely on them.

120.   Plaintiff via Buckhead and Paige relied on Global's false statements and omissions to his injury.

121.   Global and Abraham's conduct was intentional, willful, wanton, and malicious. Global and Abraham had actual knowledge of the wrongfulness of the conduct and the high probability that injury to Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury.

122.   Global and Abraham's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights Plaintiff

123.    WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants **Global and Abraham** for pain and suffering damages, damages for mental anguish, damages due to delayed earnings, pecuniary, actual, compensatory damages (including general and special damages), punitive damages and reimbursement for negative tax consequences resulting from a jury verdict in a sum to be determined by a jury, for costs herein incurred, for attorneys' fees, and for such other and further relief as this Court deems equitable, just and proper.

## COUNT IX

### Unjust Enrichment

### Against Global and Abraham

124.    Plaintiff Arora realleges preceding paragraphs and incorporates herein by reference each and every foregoing paragraph of this Complaint as if set forth in full.

125.    Plaintiff conferred monetary benefits on Global and Abraham, who had knowledge thereof and who in turn conferred, via Buckhead and Page (Dentists).

126.    Global and Abraham voluntarily accepted and retained the benefits conferred in exchange for a dental restoration provided by Global to Plaintiff.

127.    The circumstances are such that it would be inequitable for Global and Abraham to retain the benefits without providing the value thereof to Plaintiff.  Plaintiff alleges he did not receive the stated dental restoration in response for the payments and benefits conferred onto Dentists.

128.    Global and Abraham's conduct was intentional, willful, wanton, and malicious. Global and Abraham had actual knowledge of the wrongfulness of the conduct and the high probability that injury to the Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury.

129.    Global and Abraham's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of the Plaintiff.

130.    WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants Global and Abraham for pain and suffering damages, damages for mental anguish, damages due to delayed earnings, pecuniary, actual, compensatory damages (including general and special damages), punitive damages and reimbursement for negative tax consequences resulting from a jury verdict in a sum to be determined by a jury, for costs herein incurred, for attorneys' fees, and for such other and further relief as this Court deems equitable, just and proper

## DEMAND FOR JURY TRIAL

131.    Plaintiff hereby requests a jury trial on all issues raised in this
complaint.

Dated: September 09, 2016

By: Dr. Sanjay K. Arora

Plaintiff in Pro Per